OPINION
Defendant-appellant Walter Lingenfelter appeals the June 30, 1999, and January 8, 2001, Judgment Entries of the Stark County Court of Common Pleas, Division of Domestic Relations, granting a divorce to the parties and determining contested issues of health of the parties, spousal support, division of property, allocation of debt and child support. Plaintiff-appellee is Linnetta Lingenfelter.
 STATEMENT OF THE CASE AND FACTS
The parties were married on November 12, 1988, in Fairfax, Virginia. One child was born as issue of the marriage, Ryan Matthew Lingenfelter, DOB 3-13-91.
A trial was conducted on March 8, 1999, and May 19, 1999. On the first day of trial, the parties agreed upon a shared parenting plan. A trial on the remaining contested issues of health of the parties, spousal support, division of property, allocation of debt and child support proceeded.
On June 30, 1999, the trial court issued a Judgment Entry granting the divorce and determining the health of the parties, spousal support, allocation of debt between the parties and child support. The Judgment Entry failed to determine custody of the minor child and visitation and to allocate the tax exemption for the child.
Walter Lingenfelter filed a notice of appeal. On March 8, 2000, this court dismissed the appeal on the basis that the trial court's Judgment Entry was not a final appealable order because it failed to address the issue of allocation of parental rights regarding the parties' minor child.[1]
Approximately four and one-half months after we dismissed the appeal, the trial court issued a Judgment Entry, on July 31, 2000, in which it dismissed the case for failure to prosecute. Linnetta Lingenfelter filed a notice of appeal. On November 29, 2000, this court reversed and remanded the matter, holding that the trial court erred when it failed to provide prior notice to Linnetta Lingenfelter before dismissing the case.[2]
On remand, on January 8, 2001, the trial court decided the remaining issues regarding the allocation of parental rights, as identified inLingenfelter I. Thereafter, Walter Lingenfelter filed a timely notice of appeal.
It is from the June 30, 1999, and January 8, 2001, Judgment Entries that appellant Walter Lingenfelter raises the following assignments of error:
 ASSIGNMENT OF ERROR I WHETHER THE TRIAL COURT'S ORDER OF SPOUSAL SUPPORT VIOLATED O.R.C. 3105.18 BY FAILING TO CONSIDER THE EARNING ABILITY OF EACH PARTY.
 ASSIGNMENT OF ERROR II WHETHER THE TRIAL COURT'S DETERMINATION THAT THE $10,000.00 OWED TO THE STATE OF VIRGINIA WAS THE SEPARATE DEBT OF APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR III WHETHER THE TRIAL COURT'S DIVISION OF THE MARITAL ASSETS WAS AN ABUSE OF DISCRETION VIOLATING O.R.C.3105.171(F).
Any other facts relative to our discussion of the assignments of error shall be contained therein.
 I
In the first assignment of error, appellant Walter Lingenfelter [hereinafter appellant], contends that the trial court violated R.C.3105.18 by failing to consider the earning ability of each party in determining spousal support. Appellant argues that there was evidence that appellee was qualified for an entry level position with a pay range of $7.00 to $9.75 per hour and had earned $18,000 per year as recently as 1995. Appellant notes that in spite of that evidence, the trial court did not impute any income to appellee.
A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67, 554 N.E.2d 83. A trial court abuses its discretion when, in addition to making an error of law or judgment, it acts with an unreasonable, arbitrary, or unconscionable attitude. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
The factors that trial courts are to consider in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment and duration are delineated in R.C.3105.18. These factors are:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
The trial court made the following findings:
 The Court, having considered the testimony, the exhibits, and the written final arguments and proposed findings of fact and conclusions of law submitted by the attorneys for the respective parties hereby makes the following findings of fact.
 FINDINGS OF FACT . . . The court finds that the term of the marriage is ten years. . . .
 4. The Plaintiff is 43 years of age, is in poor health, and has completed eleven years of schooling.
 5. The Defendant is fifty-one years old, is in poor health, and has completed 12 years of schooling.
 6. The Plaintiff worked outside the home in an office job until the birth of the parties' son. The Plaintiff worked at home as a daycare provider from 1991 until 1995. The Plaintiff's highest income was $32,000.00 per year in an office job. Plaintiff has not been employed since 1995.
 7. The Defendant is a certified master automobile technician who works extended hours on a consistent basis. Defendant's yearly salary for the past three years of 1996, 1997, and 1998 averaged $65,415.00. . . .
 9. Plaintiff has had two back surgeries since the late 1980's and has recurring back pain. Medical evaluation indicates that Plaintiff can work but is unable [sic] to sit, stand, or walk for more than two hours at a time. Vocational evaluation states that Plaintiff could obtain an entry level job and recommends she update her skills with computer training. . . .
 11. Defendant has congenital heart problems for which he is monitored by physicians at the National Institute of Health. Defendant's ability to work is not affected by the heart condition at this time. . . .
 12. The Commonwealth of Virginia holds a lien on Defendant for $10,000.00 for unpaid witholding [sic] tax on employees of Defendant's former business in Virginia. The Court finds this is a separate debt of Defendant in that Defendant converted the tax monies of employees to personal use and, further, that the Commonwealth of Virginia has vacated the lien as to Plaintiff.
 13. The Court finds that there is no joint debt of the marriage and that the parties are responsible for their separate debt.
 14. The Plaintiff has a pension worth $233.35 and Defendant has a 401K worth $1,636.67.
15. The parties own no real property.
 16. The Court finds the major marital asset of the parties is the tool box of tools used by the Defendant in the course of his work. Over the term of the marriage the parties purchased tools in the amount of $39,258.00. The Court finds that the current appraised value of the tools is $10,000.00
 17. The Court finds that the parties have divided the remaining personal property of the marriage which consists of household goods, furniture, and two automobiles. Plaintiff has received one automobile worth $2800.00 and household items worth $2800.00 for a total of $5600.00. Defendant has received one automobile worth $2500.00 and household items worth $4000.00 for a total of $6500.00. . . .
 18. The Court has considered each factor in R.C. 3105.18(C)(1) as it applies to the instant matter and finds that an award of spousal support to Plaintiff is justified by the circumstances of the parties. Vocational evaluation indicates that Plaintiff could work outside the home at an entry level job but Plaintiff is also the residential parent under the shared parenting agreement and is responsible for the eight year old son of the parties. Plaintiff will also need a period of time and the necessary funds to acquire computer skills recommended by the evaluation. The Court finds that Plaintiff has not competed in the job market since 1991 and has not worked outside the home since the parties moved to Ohio four years ago.
 CONCLUSIONS OF LAW AND ORDERS OF THE COURT
. . .
 4. Spousal support shall be paid by Defendant in the amount of $1,100.00 per month for a period of 40 months through wage withholding by Stark County Child Support Enforcement Agency. The Court retains jurisdiction to modify this order based on changed circumstances of the parties. . . .
First, we note that the trial court stated that it considered each factor delineated in R.C. 3105.18(C)(1). Further, a review of the trial court's Findings and Conclusions, reflects the factors upon which the trial court made a specific finding. It is clear that the trial court considered the factors delineated in R.C. 3105.18.
As to appellant's specific allegation that the trial court failed to consider the earning ability of each party, we find no merit to appellant's contention. At the hearing, appellant proposed that the trial court impute gross income of $25,000.00 per year to appellee. The trial court, in calculating spousal income, did not impute any income to appellee. In so doing, the trial court referred to the evidence which indicated that appellee could work but also recommended that she update her skills. The trial court also noted the fact that appellee had not been employed for a considerable period of time and that appellee must continue to care for the parties' minor child. Upon review of the record, the trial court did consider the earning capability of the parties.
We find that appellant, in essence, also argues that the trial court's decision to calculate spousal support, assigning income of zero to appellee, is not supported by sufficient, credible evidence. Appellant argues that it is not in accordance with the evidence that appellee can work for as much as $7.00 to $9.75 per hour. However, appellee testified in detail to her back problems, as found by the trial court. Testimony showed that she has had three back surgeries since 1987. As the trial court noted, appellee has difficulty sitting for long periods of time, standing and walking. Appellee's medical records supported the trial court's finding. Dr. Soni, appellee's doctor, stated that "[s]he can work but is unable to sit, stand or walk for more than two hours. She needs some pain medication." Transcript of Proceedings at 46. Further, appellee has not been employed since 1995 and is the residential parent of the minor child of the parties. Therefore, we find that the trial court's failure to impute income to appellee was based upon sufficient, credible evidence and, based upon this finding, we cannot say that the trial court abused its discretion in determining spousal support.
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that the trial court's determination that the $10,000.00 owed to the State of Virginia was the separate debt of appellant was against the manifest weight of the evidence. We disagree.
Initially, we note that we generally review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348,421 N.E.2d 1293. However, with the enactment of R.C. 3105.171, the characterization of property as separate or marital is a mixed question of law and fact, not discretionary, and the characterization must be supported by sufficient, credible evidence. Chase Carey v. Carey (Aug. 26, 1999), Coshocton App. No. 99CA1, unreported, 1999 WL 770172; SeeKelly v. Kelly (1996), 111 Ohio App.3d 641, 676 N.E.2d 1210. It is pursuant to this standard of review that we review appellant's assignment of error.
The trial court made the following finding:
 The Commonwealth of Virginia holds a lien on Defendant for $10,000.00 for unpaid witholding [sic] tax on employees of Defendant's former business in Virginia. The Court finds this is a separate debt of Defendant in that Defendant converted the tax monies of employees to personal use and, further, that the Commonwealth of Virginia has vacated the lien as to Plaintiff.
Judgment Entry, June 30, 1999, Findings of Fact, para. 12 Testimony showed that appellant operated his own business in 1989 and 1990 in the State of Virginia. In the course of that business, appellant employed persons subject to Virginia withholding taxes. Appellant admitted that he willfully kept, or converted, tax withholdings that he should have paid to the State of Virginia on behalf of his employees. However, there is no evidence that appellee had anything to do with the business or the conversion of the funds. In fact, the State of Virginia vacated a tax lien, which resulted from the conversion of the funds, against appellee but not appellant. We find that the record supports the trial court's finding that the debt was a separate debt of appellant. Therefore, we find that the trial court's decision is supported by sufficient, credible evidence.
Appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant claims that the division of assets between the parties was an abuse of discretion and in violation of R.C. 3105.171(F).[3] Appellant asserts that the trial court found that an equitable division of the assets would be an equal division of the assets, yet failed to equally divide the assets.
The trial court ordered the following:
Appellee to Receive Appellant to receive
1989 auto $2,800.00 1986 auto $2,500.00
Household items $2,800.00 household items $4,000.00
 tools $5,000.00 (marital portion)
TOTAL $5,600.00 TOTAL $11,500.00
To equalize the division of the marital assets, the trial court further ordered appellant to pay a lump sum of $2,950.00 to appellee. Therefore, each party received equal shares valued at $8,550.00. However, appellant claims the shares are not really equal due to several errors. We will address each of appellant's specific challenges to the distribution in turn:
1. The trial court failed to consider a $2,500.00 contribution ofseparate property of appellant to the purchase of a 1989 Chryslerautomobile.
As noted in assignment of error II, with the enactment of R.C.3105.171, the characterization of property as separate or marital is a mixed question of law and fact, not discretionary, and the characterization must be supported by sufficient, credible evidence. SeeKelly v. Kelly (1996), 111 Ohio App.3d 641, 676 N.E.2d 1210.
The record reflects that appellant and appellee did receive a $7,000.00 personal injury settlement in 1997 and that $2,500.00, taken from the parties' joint checking account, was used as a down payment on a car. The settlement check was written to both appellant and appellee even though testimony showed that appellee was not injured in the accident.
Revised Code 3105.171 provides, in pertinent part:
 (A)(6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following: * * * (vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets.
 (b) The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable.
The party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of evidence.Zeefe v. Zeefe (1998), 125 Ohio App.3d 600, 709 N.E.2d 208.
The record contains no evidence as to what portion of the settlement, if any, was provided for the reimbursement of appellant's personal injury separate from compensation for loss of marital earnings and compensation for expenses paid from marital assets. The "Release of all Claims", representing the settlement of the claim, includes a release by appellee for any and all losses she could have claimed in relation to appellant's injury.
Further, even if we conclude that the $2,500.00 initially was the separate property of appellant, we can not conclude it is still traceable. Appellee testified that she and appellant agreed to settle for $7,000.00 based upon their agreement and plan to use the money to pay off bills. It was uncontested that the $7,000.00 was deposited into the parties' joint checking account on March 25, 1998. A review of the check registry shows that that same day, March 25, appellee wrote checks totaling $6,920.96. The withdrawal from which the $2,500.00 came from for use as a down payment on a car, was not made until April 6, 1998. Between March 25 and April 6, 1998, several other deposits were made to the account and many additional checks were written. It would appear that the $7,000.00 was co-mingled with the parties' other funds and was no longer traceable. It had been used to pay off bills of the parties. The $7,000.00 was no longer available to use as a deposit on the car. Therefore, we find that the appellant failed to meet his burden to demonstrate that the $7,000.00 or a portion thereof was separate property. Even if the $7,000.00 were separate property, it had been co-mingled and was no longer traceable.
2. The trial court's evaluation of household items was not based upon anappraisal or the appraisal was misapplied in determining the value of theitems.
The trial court found that the household goods previously taken by appellant were worth $4,000.00 and the household goods remaining in appellee's possession were worth $2,800.00 (total value of $6,800.00). In contrast, appellant presented an appraisal, prepared by an auctioneer, that valued the marital property at approximately $11,300.00. At the hearings, appellee testified that the household items had been divided and that her husband received $4,025.00 worth of property. Appellee further testified that she received $2,782.00 worth of household goods. The trial court found appellee's testimony to be credible and adopted it. Therefore, we find that the trial court's decision is based upon sufficient, credible evidence. Further, we find the trial court did not abuse its discretion in using those figures in making an equal distribution of the marital assets.
3. Appellant was awarded a 1986 auto, valued at $2,500, however theparties did not own a 1986 car during the course of the proceedings.[4]Further, although the parties had a leased 1996 van, it was sold duringthe divorce for $1,000.00 and used for living expenses.
First, we note that while there was no testimony regarding a 1986 automobile, there was testimony regarding a 1996 automobile. The 1996 vehicle was not otherwise noted in the distribution of assets.[5]
Second, appellee testified that appellant sold the 1996 Chrysler after the divorce was filed and made a $3,000.00 profit. However, at the hearing, appellant contended that the vehicle was sold at a profit of only $1,000.00.
It would appear that the trial court rejected appellant's testimony. Therefore, while the trial court could have valued the automobile at as much as $3,000.00, we find that the trial court's award of $2,500.00 for the value of the 1996 Chrysler to appellant was not an abuse of discretion, albeit that the trial court mistakenly identified the vehicle as a 1986 rather than a 1996.
4. The trial court determined tools, which the trial court valued at$10,000.00, were marital property although appellant testified that thetools were purchased throughout his 32 years of his career as amechanic. Since the marriage was for only 10 years, appellant assertsthat a portion of those tools should have been found to be separateproperty.
As noted previously, the party seeking to establish an asset or portion of an asset as separate property, rather than marital property, has the burden of proof by a preponderance of evidence. Zeefe v. Zeefe (1998),125 Ohio App.3d 600, 709 N.E.2d 208. In the case sub judice, appellee testified that appellant purchased $39,250.00 worth of tools from 1988 to 1997. The trial court found the current value of the tools to be $10,000.00.
First, we note that the trial court's Judgment Entry found the marital value of the tools to be $5,000.00 or half of the total value found for the tools, $10,000.00. Therefore, appellant is incorrect when he contends that the trial court found the entire $10,000.00 worth of tools to be marital property.
Second, the record provides conflicting testimony as to what portion of the tools were purchased prior to the marriage. One of appellant's witnesses testified that approximately seventy-five percent of the tools were pre-marital. Another witness testified that approximately two-thirds of the appellant's tools were premarital. However, appellant testified that he bought tools every week and that he could not put a value on the marital portion of his tools. Appellee, on the other hand, presented testimony and documentary evidence to show that appellant made significant tool purchases throughout the marriage.
Upon review of the evidence as a whole, we find the trial court's finding that half of the tools were marital property was supported by sufficient evidence.
5. The trial court erred when it found the $10,000.00 debt owed to theState of Virginia to be separate debt of appellant since the use of themoney benefited appellee and their minor child.
As we discussed in assignment of error II, there is no evidence that appellee was aware of or participated in the conversion of the funds appellant withheld from his employees for taxes and then failed to pay over to the State of Virginia.
In conclusion, we find the trial court did not abuse its discretion in the division of property and that its challenged decisions as to separate and marital property and debt were supported by sufficient competent, credible evidence.
Appellant's third assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to appellant.
Edwards, P.J. Gwin, J. and Farmer, J. concurs.
[1] Lingenfelter v. Lingenfelter (March 8, 2000), Stark App. No. 1999CA00241, unreported. [hereinafter Lingenfelter I].
[2] Lingenfelter v. Lingenfelter (November 29, 2000), Stark App. No. 2000CA00246, unreported. [hereinafter Lingenfelter II].
[3] In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
(1) The duration of the marriage;
(2) The assets and liabilities of the spouses;
 (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
(4) The liquidity of the property to be distributed;
 (5) The economic desirability of retaining intact an asset or an interest in an asset;
 (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 (9) Any other factor that the court expressly finds to be relevant and equitable.
R.C. 3105.171(F).
[4] We further note that appellant contends he was given the equity for this vehicle valued at $3,000. However, a review of the trial court's Judgment Entry reveals that the trial court found the value to be $2,500.
[5] Even the appellant concedes, in his Merit Brief, that the trial court may have mistakenly identified the 1996 automobile as a 1986 automobile.